UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAYNA L ROCKETT,<br><br>          Plaintiff,<br><br>   v.<br><br>JOHN WILSON et al.,<br><br>          Defendants. | CASE NO. 2:26-cv-00778-JNW<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

## 1.  INTRODUCTION

This matter comes before the Court on Defendants John Wilson, Jeff Darrow, King County, and Does 1–100's ("Defendants") motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dkt. No. 10. Having considered the parties' filings, the relevant record, and the law, the Court GRANTS the motion and DISMISSES this action for lack of subject matter jurisdiction.

## 2.  BACKGROUND

Pro se Plaintiff Dayna L. Rockett's complaint alleges that Defendants deprived her of federal statutory rights in violation of 42 U.S.C. § 1983 by collecting

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

ad valorem taxes on her King County property (the "property") under RCW Title 84. Dkt. No. 4 ¶¶ 26–32. Rockett alleges that Defendants John Wilson, King County Assessor, and Jeff Darrow, Director of the King County Department of Assessments, imposed annual assessments and collected exactions on the property under Title 84. *Id.* ¶¶ 7–8, 21–22. Rockett alleges there is no authority to permit the assessment and enforcement of an ad valorem tax on her property, and that the tax has impaired her rights under the federal land grant and diminished her use and enjoyment of the property. *Id.* ¶¶ 28–29. Rockett alleges that the property cannot be subject to state property tax because it originates from a federal grant. *Id.* ¶¶ 16–20.

Rockett requests that the Court declare the exaction unlawful, enjoin future assessment or enforcement of the exaction, and award damages and repayment of the exaction. *Id.* at 6.

Rockett did not file a substantive response to the motion. On April 3, 2026, she objected to the motion as premature, contending it was not properly before the Court until her motion to show cause regarding defense counsel's authority to appear, Dkt. No. 8, was resolved. Dkt. No. 11. The motion to dismiss was timely filed and is properly before the Court. Dkt. No. 10. Also pending is Rockett's "motion to require adjudication of authority to exercise judicial power prior to merits proceedings." Dkt. No. 12.

## 3.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Limited first by the Constitution, to only

the kinds of 'Cases' and 'Controversies' listed in Article III" and "for all lower federal courts, limited as well by statute[s]" enacted by Congress. *Royal Canin U.S.A., Inc. v. Wullschlegar*, 604 U.S. 22, 26 (2025). Congress has granted federal courts power to hear cases within their diversity and federal-question jurisdiction. *Id.* Federal courts have federal question jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The determination of federal-question jurisdiction is "based on the allegations in the plaintiff's 'well-pleaded complaint.'" *Wullschlegar*, 604 U.S. at 26.

Federal courts have a continuing duty to confirm their jurisdiction and are obligated "to inquire *sua sponte* whenever a doubt arises as to [its] existence." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## 3.1    The Tax Injunction Act divests this Court of subject matter jurisdiction.

Rockett asserts that this Court has federal question jurisdiction over this matter because this action arises under federal laws, "including federal land grant statutes and 42 U.S.C. § 1983." Dkt. No. 4 ¶ 12. Although Rockett invokes federal question jurisdiction through her Section 1983 claim, the Tax Injunction Act divests this Court of jurisdiction because Rockett's claims seeks to restrain the assessment

and collection of taxes. Rockett's complaint challenges King County's authority to impose and collect state property taxes on her King County property by fashioning her claim as a 42 U.S.C. § 1983 claim—claiming violations of her "federal statutory rights and immunities." Dkt. No. 4 ¶¶ 26–30. Citing no authority, Rockett argues that because her property originates from a federal grant, it is unlawful for the County to impose state property taxes. While the Court has the power to hear federal questions involving violations of constitutional rights under 42 U.S.C. § 1983, Rockett's Section 1983 claim is a federal claim in name only—in substance, her claim challenges the state's enforcement of its tax systems. The Tax Injunction Act and the comity doctrine bar this Court from hearing this case.

The Tax Injunction Act bars district courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act is a broad jurisdictional barrier that limits federal court interference with the collection of state taxes. *Lowe v. Washoe Cty.*, 627 F.3d 1151, 1155 (9th Cir. 2010). To assess the Act's applicability, the Court considers (1) the nature of the relief requested; (2) whether that relief would enjoin, suspend, or restrain a state tax; and (3) whether a plain, speedy, and efficient remedy is available in state court. *Wash. Trucking Ass'ns v. Trause*, 2012 WL 585077, at *3–4 (W.D. Wash. Feb. 21, 2012) (citing *Hibbs v. Winn*, 542 U.S. 88 (2004)).

First, the Court considers the nature of the relief sought. The Act prohibits both declaratory and injunctive relief that interferes with the assessment or collection of taxes. *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982).

Rockett seeks precisely that relief—she asks the Court to enjoin Defendants from collecting taxes and to declare the tax collection unlawful. Dkt. No. 4 at 6.

Second, the requested relief would enjoin, suspend, or restrain the assessment, levy or collection of state taxes. *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1163 (W.D. Wash. 2010). Granting Rockett's requested relief would plainly impede the assessment and collection of state taxes.

Third, a "plain, speedy and efficient remedy" is available to Rockett in the state courts. *Grace Brethren Church*, 457 U.S. at 411. The party challenging a state tax must have access to a "full hearing and judicial determination at which he may raise any and all constitutional objections to the tax." *Hyatt v. Yee*, 871 F.3d 1067, 1073 (9th Cir. 2017). The remedy need not be the best remedy available. *Id.*

Here, RCW 84.40.038 and RCW 84.68.050 provide a "plain, speedy, and efficient" remedy available to Rockett in state court. RCW 84.40.038 allows the person responsible for the tax payment to petition the county board of equalization and to appeal to the state board of tax appeals, RCW 84.40.038(1); (3). And RCW 84.68.050 allows the person to file suit in state court for "the recovery of taxes so paid under protest." *See Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 505 (1981) (requiring property owners to pay under protest and thereafter seek a refund is a plain, speedy, and efficient remedy); *see also Hyatt*, 871 F.3d at 1074 ("the U.S. Supreme Court has, on several occasions, approved of pay-then-protest remedies as plain, speedy, and efficient."). These remedies satisfy the Act.

The comity doctrine independently bars Rockett's Section 1983 claim for damages. Even where the Act does not reach a damages claim, principles of comity

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

restrain federal courts from entertaining Section 1983 actions that challenge the validity of state tax systems and risk disrupting state tax administration. *Fair Assessment in Real Estate Ass'n Inc. v. McNary*, 454 U.S. 100, 116 (1981) (finding that taxpayers are barred by principles of comity "from asserting § 1983 actions against the validity of state tax systems in federal courts.").

The Tax Injunction Act and the comity doctrine bar Rockett's claims. The Court lacks subject-matter jurisdiction over this action and does not reach Defendants' remaining arguments under Rule 12(b)(6).

**3.2    Leave to amend is denied.**

Although a pro se litigant should ordinarily be given leave to amend her complaint, leave may be denied where "it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). No amendment can cure the defect here because the Tax Injunction Act and the comity doctrine bar Rockett's claims however they are pled. The Court therefore denies leave amend. Because the dismissal rests on the absence of jurisdiction, it is entered without prejudice to Rockett's pursuit of any available remedy in state court.

## 4.  CONCLUSION

Accordingly, the Court orders as follows:

1.  The Court GRANTS Defendants' motion to dismiss, Dkt. No. 10. This case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and leave to amend is DENIED.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

2.  The Court DENIES Rockett's motion to show cause, Dkt. No. 8, and motion to require adjudication, Dkt. No. 12, as MOOT.

Dated this 23rd day of June, 2026.

_____
Jamal N. Whitehead
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7